# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Marlon Townsend, | : | Case No. 1:08CV1089 |
| | : | |
| Petitioner | : | Judge Peter C. Economus |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Rich Gansheimer, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| Respondent | : | **DECISION** |

In this pro se action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his February 2, 2006 conviction in a jury trial of two counts of drug trafficking and one count of possession of drugs, each count bearing a major drug specification, upon which he is serving a sentence of ten years incarceration on each count, to be served concurrently with each other and concurrently with sentences in two other cases.

Petitioner, represented by newly appointed counsel, appealed his conviction to the Ohio Eighth District Court of Appeals, alleging the following two assignments of error:

I   The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that appellant was guilty of drug trafficking as charged in Counts One and Two and possession of drugs as charged in Count Three.

II  Appellant's convictions for drug trafficking as charged in Counts One and Two and possession of drugs as charged in Count Three were against the manifest weight of the evidence.

The facts in petitioner's case were summarized by the state appellate court, in pertinent part, as follows:

> An informant told the police that he could buy 125 grams of crack cocaine from appellant, whom he knew by the nickname "Toe." The police decided to set up a controlled buy, whereby an informant would use "flash money"– money used to show that the informant can complete the transaction. The police would wire the informant with a radio in order to monitor the transaction. Once the informant actually saw the drugs, he would give a prearranged signal for the officers to move in for an arrest.
>
> The evidence showed that the police and the informant were stationed near the parking lot of a bar– the prearranged site for the deal. Appellant left his house in the company of codefendant Demetrius Thompson. Thompson earlier pleaded guilty to drug charges stemming from this incident, acknowledging that he trafficked in drugs and sold appellant cocaine in powder form. He said that he accompanied appellant on "some business [appellant had] to take care of." Thompson understood this to mean that appellant had a drug transaction to make. The two drove to the bar and parked in the parking lot. Thompson left the car and entered the bar. Appellant exited the car and approached the informant. After some conversation, the two entered appellant's car. The police continued to monitor the situation by radio until they heard the informant give the officers the prearranged signal.
>
> As the officers moved in to make the arrest, appellant fled in the car. After driving wildly for a short distance, appellant stopped the car, tore off the temporary license tag on the car, and fled on foot. One of the officers giving chase to appellant saw him drop the temporary license tag, while another officer giving chase saw appellant throw a small bag containing crack cocaine on the ground. While officers were chasing appellant on foot, another officer searched appellant's car and found a second, much larger bag of crack cocaine on the driver's side floor of the car. The bag thrown on the ground contained 5.05 grams of crack cocaine, while the bag found in the car contained 113 grams of crack cocaine.

2

On May 29, 2007 the appellate court affirmed the conviction.[1]

On July 12, 2007 petitioner, represented by the Ohio Public Defender, appealed the appellate court ruling to the Ohio Supreme Court, alleging the following three propositions of law:

> **Proposition of Law No. I:** Possession of drugs, as defined by R.C. 2925.11(A) and drug trafficking, under R.C. 2925.03(A)(2), are allied offenses of similar import, and a defendant cannot be convicted of both if the charges originate out of the same conduct. R.C. 2941.25(A), (B). A defendant's right to due process and right to be free from double jeopardy are violated when he or she receives multiple convictions on the charges.

> **Proposition of Law No. II:** A defendant is deprived the effective assistance of trial counsel when counsel fails to object to the unlawful convictions of two allied offenses of similar import. Sixth and Fourteenth Amendments to the United States Constitution, and Section 10, Article I of the Ohio Constitution.

> **Proposition of Law No. III:** A defendant is deprived the effective assistance of appellate counsel when appellate counsel fails to raise reversible errors on direct appeal.

On October 24, 2007 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner did not appeal this decision to the United States Supreme Court.

On April 3, 2007, while his direct appeal was pending, petitioner filed with the trial court a pro se motion for post-conviction relief alleging:

> 1. Ineffective assistance of counsel– trial counsel for Defendant-Petitioner failed to prepare and/or construct a sufficient defense in the early stages of this matter by not: making an initial examination of the arrest procedure, such as 1) was the arrest with or without a warrant, or 2) was the arrest based on probable

---

[1]Petitioner, acting pro se, filed a motion to disregard brief assignments of error filed by counsel, as well as a motion for new counsel. The court denied the latter motion but permitted petitioner to file a pro se brief, which he did on November 28, 2006. The court determined that the brief was untimely and that it had exceeded the page limit, so it struck the brief from the record.

cause, and what did the probable cause consist of: securing interviews with a co-defendant and arresting-investigating officers to determine the extent of any hearsay issues, potential perjurious testimony to be introduced at trial, dereliction of duty by any of the arresting-investigating officers in regards to collection of evidence, and determining whether sham legal process attached in regard to the entire interrogation process conducted upon the co-defendant, since the co-defendant failed to authenticate and sign his own statement; resolving whether seized evidence should have been admissible and whether any pretrial motions, such a motion to suppress unlawfully seized evidence, were appropriate to file; and visiting the scene of the offense to question neighbors as to what they saw, heard, and said before and after law enforcement arrived on the scene.  Also, defense counsel failed to determine whether there was  "a particularized need" to ascertain the identity of all grand jury witnesses, and consider the propriety of objections to grand jury composition or to a grand juror. During the pretrial process, trial counsel neglected to suppress the co-defendant's unlawfully-obtained statement, since the co-defendant testified at trial and was given favorable consideration(s) by the State for favorable testimony.

2. The prosecution withheld exculpatory evidence when it failed to disclose the identity of the confidential reliable informant ("CRI"), whose testimony was material to the defense of the Defendant-petitioner, and relevant to the issue of probable cause for arrest since it was adduced at trial through hearsay testimony of several of the State's witnesses (law enforcement agents), that "the CRI made a phone call to the Defendant-petitioner and arranged for the drug transaction." Non-disclosure of the identity of the CRI in this particular case infringed upon the Defendant-petitioner's right to prepare his defense and confront and cross-examine said CRI in open court before the jury to substantiate the reasonable trustworthiness of the CRI's information.

On June 25, 2007 the trial court granted the prosecution's motion to dismiss (for untimeliness) the

motion for post-conviction relief without further comment.

On August 23, 2007, while his direct appeal to the supreme court was pending, petitioner

filed a pro se motion to reopen his appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate

Procedure, arguing that he had been denied the effective assistance of appellate counsel in the following particulars:

1. Appellate counsel provided ineffective assistance for failing to raise Fourteenth Amendment due process violation and plain error pursuant to R.C. 2925.51, thus trial court lacks jurisdiction to convict and sentence Appellant because the State failed to prove each essential element of the crime charged.

2. Appellate counsel provided ineffective assistance by failing to raise the prosecutorial misconduct, in violation of the United States Constitution Amendments 5, 6 and the Ohio Constitution Article I, Section 16.

3. Appellate counsel provided ineffective assistance by failing to raise trial judge committed plain error in violation of Sixth Amendment right to confront witness, by permitting the State to use out-of-court statements made by informant after his identity was revealed.

4. Appellate counsel provided ineffective assistance failing to raise Equal Protection rights under the United States Constitution Amendment 4, and the Ohio Constitution, Article I, Section 14.

5. Appellate counsel provided ineffective assistance by failing to raise ineffective assistance of trial counsel, under the United States Constitution Amendment 6 and 14, and the Ohio Constitution, Article I, Section 10.

On December 7, 2007 the appellate court denied the petition, holding that the claims raised therein were barred by res judicata and that they would nonetheless fail on the merits.

Petitioner appealed the denial of his application to reopen to the Ohio Supreme Court alleging the following two propositions of law:

**Proposition of Law No. I:** The Supreme Court, the Ohio and Federal Constitutional rules do not bar a motion to reopen appeals under Appellate Rule 26(B) and Federal Constitutional review.

**Proposition of Law No. II:** Appellant's U.S. VI Amendment and Ohio Art. I, § 10 Constitutional rights were violated by ineffective

5

assistance of appellate counsel for failing to raise the following issues under federal constitutional context of the errors that occurred at trial.

On April 9, 2008 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  Petitioner did not appeal this decision to the United States Supreme Court.

On April 28, 2008 the petitioner filed the instant petition, in which he raises the following eight claims for relief:

**A.** **GROUND ONE:**  Ineffective assistance of counsel, violation of the 6th and 14th Amendments to the United States Constitution.

**Supporting FACTS:** Trial counsel failed to prepare defense by not examining the arrest procedure, was the arrest with or without a warrant, was the arrest based on probable cause, didn't secure interviews with co-defendant and/or arresting-investigating officers, failed to file motion to suppress, failed to subpoena witness, failed to request instruction on accomplice testimony, and failed to compel the court to render judgment on pre-trial motion before trial.

**B.** **GROUND TWO:** Conviction obtained by prosecutorial misconduct, a violation of the 5th, 6th and 14th Amendments of the U.S. Constitution.

**Supporting FACTS:** The prosecution withheld exculpatory evidence when it failed to answer the defense motion to disclose the identity of the confidential reliable informant, whose testimony was material to the defense of the Defendant-petitioner, and relevant to the issue of probable cause to arrest since it was adduced at trial through hearsay testimony of several of the State's witnesses (law enforcement agents).

**C.** **GROUND THREE:**  Violation of the 5th, 14th U.S. Const. Amends. by failing to prove beyond a reasonable doubt the substance was crack.

**Supporting FACTS:** The State failed to analyze the substance

6

and provide a laboratory report of the substance at trial.  Also, the State failed to provide testimony of an accredited analyst who analyzed the substance to verify the content, identity and weight of the substance at trial.

**D.  GROUND FOUR:** Conviction obtained by prosecutorial misconduct a violation of the 5th, 6th, 14th Amendments of the U.S. Constitution.

**Supporting FACTS:** During trial, the prosecutor used perjurious testimony from Det. Clark who lied about the CRI and about where the alleged drugs were found.  And, the prosecutor used false testimony which was a statement Det. Clark admitted he fabricated.   Also, in opening and closing arguments, the prosecutor made allegation that they knew were untrue and unproven facts to mislead the jury.

**E.  GROUND FIVE:** Violation of the Confrontation Clause of the United States Constitution, Sixth Amendment .

**Supporting FACTS:** Trial court denied the defense counsel confrontation of the informant Bertman Wherry, who was the sole participant in the alleged drug transaction.  The informant was never made to be unavailable, never made a statement and/or a sworn affidavit.  The informant never testified in any pre-trial hearing to cooperate [sic] any of Det. Clark allegations.

**F.  GROUND SIX:** Conviction obtained in violation of the Fourth Amendment of the United States Constitution.

**Supporting FACTS:** The law enforcement officer Det. Todd Clark failed to provide an affidavit of affirmation for probable cause to why Marlon Townsend was being investigated, plus reason for search and seizure of Mr. Townsend.  Det. Clark initiated an investigation on September 10, 2003 monitoring phone calls, wire tapping and Det. John Dlugolinski set up surveillance on house on September 11, 2003 without valid warrants or affidavit of probable cause.

**G.  GROUND SEVEN:** Ineffective assistance of trial counsel, a violation of the 6th and 14th Amendments of the U.S. Constitution.

7

**Supporting FACTS:** Trial counsel failed to suppress any and all illegally obtained evidence (that includes "all fruits of the poisonous tree evidence") and trial counsel failed to object to the trial court erroneous jury instructions on the major drug offender specification, telling the jury to find Townsend guilty of the MDO specifications, when the law requires the judge to make that determination (R.C. 2941.1410).

**H.  GROUND EIGHT:**  Ineffective assistance of appellate counsel, a violation of the 6th and 14th Amendments of the U.S. Constitution.

**Supporting FACTS:** Appellate counsel failed to raise constitutional errors that occurred at trial and raised those errors in federal constitutional context of the five assignments of error that were raised in the application to reopen under App. R. 26(B).  These errors are those that are in this petition, grounds 3, 4, 5, 6, and 7.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

The petition was timely filed in accordance with 28 U.S.C. §2244(d).

The respondent asserts that all of petitioner's claims for relief must be dismissed as procedurally defaulted.

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he may seek relief based upon an alleged violation of constitutional rights.  Granberry v. Greer, 481 U.S. 129, 133 (1987).  Such doctrine, although not of a jurisdictional nature, is based upon issues of comity, allowing the state courts the opportunity to correct any constitutional violation that may have occurred in its courts, as well as creating a complete record for review should the case eventually be heard in federal habeas corpus.  Hafley

8

v. Sowders, 902 F.2d 480, 482 (6th Cir. 1990).

A claim is deemed exhausted even if it has not been presented to the state's highest court when the petitioner is foreclosed from raising it in that forum, either because the time for filing has expired or the petitioner is otherwise procedurally precluded from raising it.  A default occurs in the state courts if the last state court rendering a decision makes a plain statement of such state procedural default.  Harris v. Reed, 489 U.S. 255 (1989).

When a petitioner fails to appeal a claim to a state's highest court and when the opportunity to do so is lost, the petitioner is said to have procedurally defaulted the claim and must prove cause and prejudice for such default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977).  Under this standard of review a petitioner must show "cause for the noncompliance and . . . actual prejudice resulting from the alleged constitutional violation."  Id. at 84.

Where a petitioner has failed to fairly present the factual and legal basis for a federal constitutional issue and would be barred from pursuing relief on that claim in the state courts[2] the petition should not be dismissed for failure of exhaustion, in light of the fact that there would then be no available state remedies.  Hannah v. Conley, 49 F.3d 1193,1195-96 (6th Cir. 1995); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).  However, the petitioner must then demonstrate cause for failure to fairly present the claims to the state courts and actual prejudice to his/her defense at trial or on appeal.  Gray v. Netherland, supra at 162;  Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Deitz v. Money, 391 F.3d 84, 808 (6th Cir. 2004).

The Sixth Circuit, in Maupin v. Smith, 785 F.2d 135 (6th Cir. 1986), delineated a four part

---

[2]Under a longstanding Ohio procedural rule, a claim which could have been but was not raised on direct appeal would be barred from being raised in a delayed appeal or in a petition for post-conviction relief.  See, Collins v. Perini, 594 F.2d 592, 593 (6th Cir. 1978).

approach on habeas corpus for determining whether a petitioner's claim is barred by the failure to observe a state procedural rule. First, the district court must determine whether there exists a state procedural rule with which the petitioner failed to comply. Then the court must determine whether the state court enforced the sanction for failure to comply. If so, it must then be decided whether failure to comply with the state procedural rule constitutes an adequate and independent ground for barring federal review. If all these questions are answered in the affirmative, the petitioner must satisfy the "cause and prejudice" analysis set forth in Wainwright, supra at 138.

Turning to the present case the respondent argues that petitioner's first and second claims for relief, which appeared in petitioner's petition for post-conviction relief filed with the trial court, are procedurally defaulted for two reasons, a proposition with which this Court agrees.

First, petitioner failed to file the petition within the time limits set out by Ohio Revised Code §2953.21, a recognized ground for procedural default. Easley v. Hurley, Case No. 2:03CV0460, 2005 U.S.Dist. LEXIS 20204, at *39-40 (S.D.Ohio 2005); Brown v. Brunsman, Case No. 2:05CV0969, 2006 U.S.Dist. LEXIS 36802, at *16 (S.D.Ohio 2006). The trial court enforced the sanction for failure to comply by granting the prosecution's motion to dismiss the petition for untimeliness, Lyles v. Jeffreys, Case No. 3:07CV1315, 2008 U.S.Dist. LEXIS 33831, at *13 (N.D.Ohio 2008) (quoting Simpson v. Sparkman, 94 F.3d 199, 203 (6th Cir. 1996)), and dismissal for untimeliness is an adequate and independent ground upon which courts rely. Hannah v. Conley, supra at 1196-97.

In addition, the fact that petitioner failed to appeal the denial of his petition for post-conviction relief renders the claims raised therein procedurally defaulted. Petitioner would be unable to pursue relief on that claim in the state courts in light of the fact that he could have raised

10

it in an appeal, but did not, which causes it to be barred by the doctrine of res judicata.  State v. Perry, 10 Ohio St.2d 175, 180, 226 N.E.2d 104, 105-06 (1967).

Respondent also contends that petitioner's third, fourth, fifth, sixth, seventh and eighth claims for relief are barred by res judicata.

These claims of ineffective assistance of appellate counsel were raised in petitioner's Rule 26(B) application to reopen his appeal.  The state appellate court held that petitioner could have raised these claims to the supreme court in light of the fact that he was represented by new counsel in the proceedings before that court, finding in pertinent part:

> Applicant's request for reopening is barred by res judicata.  "The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal.  See generally *State v. Perry* (1967), 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus.  Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust.  *State v. Murnahan* (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204." *State v. Williams* (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
>
> This court has previously held that res judicata bars reopening when new counsel represents an applicant in an appeal to the Supreme Court of Ohio.  *State v. Kaszas* (Sept. 21, 1998), Cuyahoga App. Nos. 72546 and 72547, reopening disallowed (Aug. 14, 2000), Motion No. 16752, at 3-4.  The Office of the Ohio Public Defender represented Townsend before the Supreme Court, although other counsel had represented him before the trial court and on direct appeal to this court.  As noted above, the Supreme Court of Ohio dismissed applicant's appeal, res judicata bars further review of the claim of ineffective assistance of counsel.  *Kaszas*, supra, at 4.
>
> Additionally, on direct appeal, this court granted Townsend leave to file a pro se supplemental brief as well as an extension of time to file his supplemental brief.  Ultimately, Townsend filed a supplemental brief, without permission of the court, which was six pages over the page limit and 43 days late.  This court issued an

11

order striking the pro se supplemental brief.  "Applicant's failure to file a conforming brief does not eliminate the applicability of the doctrine of res judicata."  *State v. Kelly*(Nov. 18, 1999), Cuyahoga App. No. 74912, reopening disallowed (June 21, 2000), Motion No. 12367, at 4 (After this court issued an order striking Kelly's pro se brief "for failure to comply, inter alia, with App. R. 16 and 19 regarding the form of briefs," Kelly never filed a conforming brief. Id. at 3.)  See also *State v. Williams* (Nov. 12, 1996), Cuyahoga App. No. 69936, reopening disallowed (Apr. 24, 1997), Motion No. 80441 (After this court granted Williams leave to file a pro se supplemental brief, he "filed nothing." Id. at 2.)  In light of the fact that we find that the circumstances of this case do not render the application of res judicata unjust, res judicata bars further consideration of applicant's claim of ineffective assistance of appellate counsel.

The foregoing illustrates that the appellate court enforced the sanction for failure to comply with the state procedural rules.  Res judicata is an adequate and independent ground upon which courts rely:

The record indicates, however, that Thompson had *new* appellate counsel on appeal to the Supreme Court of Ohio, but failed to raise the issue of ineffectiveness at that time....[T]he procedural bar of *res judicata* is an "adequate and independent" state ground upon which the state can rely to foreclose review of petitioner's ineffective assistance of appellate counsel claim.  "[T]he Supreme Court of Ohio has repeatedly ruled that even having the ability to raise the issue of ineffective assistance of appellate counsel in the supreme court may properly invoke *res judicata* to bar an App. R. 26(B) application."

Thompson v. Bradshaw, Case No. 1:04CV2204, 2007 U.S.Dist. LEXIS 51203, at *21-23 (N.D.Ohio 2007) (J.O'Malley).

As regards the issue of probable cause for the procedural default, there is no mention of probable cause for the default of his first and second claims for relief, but in petitioner's final claim for relief he argues that his appellate counsel (both on appeal to the lower appellate court as well as the supreme court) was ineffective for failing to raise his third through seventh claims for relief

12

on appeal, which can be read as cause for that procedural default.

Error or imprudent tactical decision by an otherwise competent counsel does not constitute cause for a procedural default.  Murray v. Carrier, 477 U.S. 478 (1986).  Only where counsel is constitutionally ineffective can his/her error be deemed "cause."  Id. at 488-89.  See, also, Lucas v. O'Dea, 179 F.3d 412, 419 (6th Cir. 1999).  "[The petitioner's] ineffective assistance of appellate counsel claims can serve as cause for the procedural default of his other claims only if [the petitioner] can demonstrate that his appellate counsel was constitutionally ineffective."  Buell v. Mitchell, 274 F.3d 337, 351-52 (6th Cir.  2001).

Before a claim of ineffective assistance of counsel can be cited as cause for a procedural default, however, it must "be presented to the state courts as an independent claim."  Id. at 489.

> The question whether there is cause for a procedural default does not pose any occasion for applying the exhaustion doctrine when the federal habeas court can adjudicate the question of cause--a question of federal law--without deciding an independent and unexhausted constitutional claim on the merits.  But if a petitioner could raise his ineffective assistance claim for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available.  The principle of comity that underlies the exhaustion doctrine would be illserved by a rule that allowed a federal district court "to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," . . . and that holds true whether an ineffective assistance claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief.

Id.  (Citation omitted).  Accord, Edwards v. Carpenter, 529 U.S. 446 (2000).

As regards a claim of ineffective assistance of counsel on appeal to the supreme court, the underlying flaw with that theory is that petitioner did not have the right to counsel in his discretionary appeal to the state supreme court.  Halbert v. Michigan, 545 U.S. 605 628 (2005),

13

citing Wainwright v. Torna, 455 U.S. 586 (1982) and Ross v. Moffitt, 417 U.S. 600 (1974).

Accord, Hamilton v. Gansheimer, 536 F.Supp.2d. 825, 831-32 (N.D.Ohio 2008) (J.Zouhary);

Wright v. Bobby, Case No. 1:05CV2870, 2008 U.S.Dist. LEXIS 47555, *8 (N.D.Ohio 2008) (J.

Wells).  Absent such right, any ineffective assistance which might have impeded his ability to file

a timely appeal to the state supreme court could not constitute cause for the aforementioned

procedural default.[3]

As regards a claim of ineffective assistance of counsel on appeal to the Ohio Eighth

District, for the reasons set forth previously herein that claim was procedurally defaulted and,

therefore, cannot be relied on to establish cause.

Petitioner having failed to demonstrate cause for the procedurally defaulted claims for relief

raised in these proceedings, all of petitioner's claims for relief are subject to dismissal on that

basis.

Procedural default aside, petitioner's claims would also fail upon merits review.

The role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254

(d) which provides:

> (d) An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court shall not
> be granted with respect to any claim that was adjudicated on the
> merits in State court proceedings unless the adjudication of the
> claim—
>
>> (1) resulted in a decision that was contrary to, or
>> involved an unreasonable application of, clearly
>> established Federal law, as determined by the
>> Supreme Court of the United States; or

---

[3]There has been no convincing showing of actual innocence as regards the procedural default claim.

14

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings;  Williams v. Taylor, 529 U.S. 420 (2000), with the state court adjudication being "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court];" and with the state court adjudication involving an "unreasonable application of clearly established Federal law, as determined by the Supreme Court" "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply."  120 S.Ct. at 1519-1520.   In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable."  Id. at 1521.  Even if the state court decision resulted in an incorrect application of federal law, if that decision is reasonable it will stand.  Id.  See, Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000).

In light of the fact that petitioner's first two claims for relief were not adjudicated on the merits by the state courts, this court cannot review the reasonableness of any state court ruling in that regard.

The remaining claims for relief, however, were addressed on the merits when, after determining that the Rule 26(B) application to reopen the appeal was subject to dismissal for procedural default, the state appellate court ruled in the alternative that the claims of ineffective assistance of appellate counsel could not succeed upon merits review.

A petitioner claiming ineffective assistance of counsel must demonstrate that counsel's conduct was so far below acceptable standards of representation that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution, and that such deficient performance so prejudiced the defense as to render the trial unfair. Strickland v. Washington, 466 U.S. 668 (1984). See also, United States v. Bavers, 787 F.2d 1022 (6th Cir. 1985). Disagreement by a defendant with tactics and/or strategy will not support a claim of ineffective assistance, and a petitioner in habeas corpus must overcome a presumption that challenged conduct of counsel was a matter of strategy, Strickland, 466 U.S. at 689. Accord, Wilson v. Yukins, unreported, 1999 U.S.Dist. LEXIS 7644 (E.D.Mich. 1999). The prejudice prong of the test may be satisfied by a showing that counsel's error deprived the petitioner of a fundamentally fair trial which resulted in a verdict lacking in reliability. Kimmelman v. Morrison, 477 U.S. 365 (1986).

The Sixth Amendment right to effective assistance of counsel extends to appellate counsel on direct appeal of a criminal conviction. Evitts v. Lucey, 469 U.S. 387 (1985). The Sixth Circuit Court of Appeals has held that:

> In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions. Strategic choices by counsel, while not necessarily those a federal judge in hindsight might make, do not rise to the level of a Sixth

Amendment violation.

McMeans v. Brigano, 228 F.3d 674, 682 (6ᵗʰ Cir. 2000), cert. denied, 532 U.S. 958 (2001) (Citations omitted.).  The failure of appellate counsel to assert claims on appeal cannot rise to the level of denial of a constitutional right unless such failure was so ill-advised as to have caused petitioner to effectively have been without counsel.  Burton v. Renico, 391 F.3d 764 (6ᵗʰ Cir. 2004).  A petitioner asserting appellate counsel's failure to raise unasserted claims will not be able to establish such a showing even if the unasserted claims are deemed not to have been frivolous, if those claims are without merit.  Ibid.

Turning to petitioner's claim of ineffective assistance of appellate counsel, under the AEDPA this Court must first determine whether the state court's application of the Strickland standard was objectively unreasonable.  Alley v. Bell, 307 F.3d 380, 400 (6th Cir. 2002), quoting Bell v. Cone, 152 L.Ed.2d 914, 122 S.Ct. 1843, 1852 (2002) ("under §2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly.  Rather, [petitioner] must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner."  (Citation omitted.)).

In its opinion denying petitioner's Rule 26(B) application to reopen his direct appeal, the state appellate court initially rejected on procedural grounds petitioner's claims of ineffective assistance of appellate counsel, but also denied the application on the merits of this claim holding in pertinent part:

> We also deny the application on the merits.  Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal."  App.R. 26(B).  In *State v. Spivey* (1998), 84 Ohio St.3d

17

24, 1998 Ohio 704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant. "In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 1996 Ohio 21, 660 N.E.2d 456, 458, we held tat the two prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d. 674, is the appropriate standard to assess a defense request for reopening under App. R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." Id. at 25. Applicant cannot satisfy either prong of the *Strickland* test. We must, therefore, deny the application on the merits.

In his first proposed assignment of error, Townsend contends that the state failed to prove that what he was convicted of possessing was actually crack cocaine. R.C. 2925.21 permits the use of a properly authenticated laboratory report as "prima-facie" evidence of the content, identity, and weight or the existence and number of unit dosages of the substance." R.C. 2925.21(A). Townsend argues that the state failed to prove that he possessed a controlled substance because such a report was not entered into evidence.

Townsend ignores, however, that the state identified three laboratory reports in its response to request for discovery field April 13, 2004. Additionally, a chemist employed by the forensic laboratory of the Division of Police of the City of Cleveland testified at trial regarding tests of the substances introduced into evidence. Townsend does not provide this court with any controlling authority requiring the introduction into evidence of a laboratory report when a qualified witness testifies regarding tests of the substance. Although Townsend cites *State v. Adkisson*, Cuyahoga App. No. 81329, 2003 Ohio 3322, in that case there was no testimony or other evidence about a laboratory test. Rather, a police officer performed a field test. We cannot conclude, therefore, that Townsend would have had a reasonable probability of being successful on appeal if appellate counsel had argued Townsend's first proposed assignment of error.

In his second proposed assignment of error, Townsend complains that prosecutorial misconduct contributed to his conviction. He contends that the state: elicited perjurious testimony from a

18

detective; failed to introduce witness statements into evidence; and erroneously stated in opening statement and closing argument that Townsend "cooked" cocaine powder into crack cocaine despite no evidence that he had been seen "cooking" the powder. Our review of the transcript reflects that, at best, Townsend's complaints about the detective's testimony and the prosecutor's remarks are a consequence of taking those statements out of context. Additionally, Townsend's contention that the state had a duty to introduce witness statements into evidence is not cited by any controlling authority. In fact, the case he cites is a *civil* case.

On direct appeal, Townsend's appellate counsel argued that the verdict was against the manifest weight of the evidence. This court observed, however, that "given the overwhelming strength of the state's case***, [w]e have no basis for finding that the jury lost its way by finding appellant guilty." *State v. Townsend*, Cuyahoga App. No. 88065, 2007 Ohio 2370, at P13. In light of the nature of Townsend's assertions and the "overwhelming strength of the state's case," we cannot conclude that Townsend has demonstrated that the record reflects that there is a genuine issue of ineffective assistance of appellate counsel because appellate counsel did not assert an assignment of error based on prosecutorial misconduct. "See generally *State v. Jackson* (2001), 92 Ohio St.3d 436, 442, 2001 Ohio 1266, 751 N.E.2d 946 (test of prosecutorial misconduct is whether challenged action deprives defendant of a fair trial)." *State v. Mundt*, 115 Ohio St.3d 22, 2007 Ohio 4836, 873 N.E.2d 828, at P103. As a consequence, Townsend's second proposed assignment of error does not provide a basis for reopening.

In his third proposed assignment of error, Townsend argues that appellate counsel was ineffective for failing to assign as error that Townsend's right to confront a witness was violated because a detective was permitted to testify as to statements made to the detective by a confidential informant. "'It is well established that extrajudicial statements made by an out-of-court declarant are properly admissible to explain the actions of a witness to whom the statement was directed. *** The testimony was properly admitted for this purpose.' *State v. Thomas* (1980), 61 Ohio St.2d 223, 400 N.E.2d 401; *State v. Jenkins,* Cuyahoga App. No. 87606, 2006-Ohio-6421." *State v. Guyton*, Cuyahoga App. No. 88423, 2007-Ohio-2513, at ¶ 17. Clearly, the statements of the informant were admitted to explain the steps taken by the police to investigate Townsend's activities. As a consequence, Townsend's third proposed assignment of error does not provide a basis for

19

reopening.

In his fourth proposed assignment of error, Townsend contends that the police improperly arrested him because they "failed to secure an affidavit of [sic] affirmation for probable cause to why the appellant is being investigated, plus reason for search and seizure." Application, at 9. On direct appeal, this court summarized the steps taken to set up a controlled buy with an informant who was equipped with a radio. "Once the informant actually saw the drugs, he would give a prearranged signal for the officers to move in for an arrest.

"The evidence showed that the police and the informant were stationed near the parking lot of a bar– the prearranged site for the deal. Appellant left his house in the company of codefendant Demetrius Thompson. Thompson earlier pleaded guilty to drug charges stemming from this incident, acknowledging that he trafficked in drugs and sold appellant cocaine in powder form. He said that he accompanied appellant on 'some business [appellant had] to take care of.' Thompson understood this to mean that appellant had a drug transaction to make. The two drove to the bar and parked in the parking lot. Thompson left the car and entered the bar. Appellant exited the car and approached the informant. After some conversation, the two entered appellant's car. The police continued to monitor the situation by radio until they heard the informant give the officers the prearranged signal." *Townsend*, Cuyahoga App. No. 88065, supra, at ¶2-3.

Once again, Townsend does not cite any controlling authority requiring the police to secure a warrant before they arrest an individual whom they have observed committing a felony. "Probable cause for a warrantless arrest requires that the arresting officer, at the time of the arrest, possess sufficient information that would cause a reasonable and prudent person to believe that a criminal offense has been or is being committed. *Gerstein v. Pugh* (1975), 420 U.S. 103, 111-112, 95 S.Ct. 854, 43 L.Ed.2d 54; *Beck v. Ohio* (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142. In determining whether probable cause existed, we examine the 'totality' of facts and circumstances surrounding the arrest. See *State v. Homan* (2000), 89 Ohio St.3d 421, 427, 2000-Ohio-212, 732 N.E.2d 952." *State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, 857 N.E.2d 547, at ¶39. See also R.C. 2935.04, quoted in *Elmore*, at ¶38, authorizing arrest of a person if there is reasonable cause to believe that the person has committed a felony. Townsend

20

has not demonstrated that there is a genuine issue of ineffective assistance of appellate counsel because appellate counsel did not assert an assignment of error based on Townsend's having been arrested without a warrant. Townsend's fourth proposed assignment of error, therefore, does not provide a basis for reopening.

In his fifth proposed assignment of error, Townsend argues that appellate counsel was ineffective for failing to assign as error that trial counsel was ineffective because: trial counsel did not file a motion to suppress evidence acquired by the police without a warrant; and trial counsel did not object to the court's jury instruction regarding the major drug offender specification. Townsend asserts that trial counsel should have moved to suppress some of the evidence because the police had not secured an interception warrant under R.C. 2933.51, et seq. (presumably, with respect to the use of a radio to transmit his conversation with the police.)

He has not, however, demonstrated that the circumstances in this case are among those requiring a warrant. In *State v. Slone*, Montgomery App. No. 18922, 2002-Ohio-4119, the police put a "wire" on a victim who complained to police that the defendant had "groped" her. The *Slone* court concluded that R.C. 2933.51 and 2933.52 "prohibit interception in Ohio of a 'wire communication' by a person who is not a party to it, except a police officer who has been given permission by one of the parties to the communication to intercept it. Those provisions do not prohibit electronic interception of a form of communication that is not a 'wire communication,' as that is defined. That definition of a wire communication does not include a face-to-face conversation between persons." Id. at ¶12. In this case, the informant wore a "wire" and the police were able to listen to the face-to-face conversation between Townsend and the informant.

Similarly, Townsend's contention that appellate counsel should have challenged the jury instruction on major drug offender does not provide a basis for reopening. That is, the jury found Townsend guilty of two counts of trafficking in drugs and specifically found that the amount of crack cocaine exceeded 100 grams. Tr. At 357-358. The jury's finding required the trial court to impose a ten-year sentence, as it did in this case. Cf. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶71, et seq. Townsend has not, therefore, demonstrated any prejudice by the absence of an

21

assignment of error asserting the ineffective assistance of trial counsel.  As a consequence, Townsend has not met the standard for reopening.

This Court finds that the state appellate court's conclusion that petitioner failed to meet his burden of demonstrating that he had been denied the effective assistance of appellate counsel was not an objectively unreasonable application of <u>Strickland</u> to the facts of this case, nor was it an unreasonable determination of the facts in light of the evidence presented, particularly considering the strong evidence against petitioner which would undermine petitioner's claims of prejudice. As a consequence, petitioner's claim of ineffective assistance must also fail.

It is, therefore, recommended that the petition be dismissed without further proceedings.


s/DAVID S. PERELMAN
United States Magistrate Judge


DATE:   February 10, 2009


## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).